141 F.3d 1173
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph AVILA; Edmond Dadisho Plaintiffs-Appellees
v.
Seal A Defendant
and
City of Los Angeles Appellant
Los Angeles Police Department; Willie Williams, Chief of
Police Defendants-Appellants
 No. 96-56037, 96-56301.
D.C. No. CV-95-03297-LEW.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Nov. 6, 1997.
Decided Feb. 11, 1998.
 
 Appeal from the United States District Court for the Central District of California Laughlin E. Waters, Senior District Judge, Presiding.
 Before BROWNING, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants City of Los Angeles, the Los Angeles Police Department ("LAPD"), and Chief of Police Willie Williams appeal the district court's denial of their renewed motion for judgment as a matter of law. They also appeal the district court's award of attorneys' fees to the appellees. We reverse.
 
 I.
 
 3
 This case arises out of the 33-day suspensions of the appellees, LAPD officers Joseph Avila and Edmond Dadisho ("the officers"), for failure to take appropriate action with respect to an intoxicated citizen who was later struck by an automobile and killed. The suspensions were eventually set aside in a state court proceeding. The officers then filed the present suit in federal district court pursuant to 42 U.S.C. § 1983, alleging violations of their procedural and substantive due process rights under the Fourteenth Amendment. A jury verdict was returned in the officers' favor, and the district court denied the appellants' motion for judgment as a matter of law which was filed at the close of the officers' case-in-chief. Subsequent to the entry of judgment, the district court denied the appellants' renewed motion for judgment as a matter of law.
 
 II.
 
 4
 This court reviews the district court's grant or denial of a renewed motion for judgment as a matter of law de novo. E.E.O.C. v.. Pape Lift Inc., 115 F.3d 676, 680 (9th Cir.1997); Forrett v. Richardson, 112 F.3d 416, 419 (9th Cir.1997). The reviewing court's role is the same as that of the district court. Forrett, 112 F.3d at 419. Judgment as a matter of law is proper if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's. Id.
 
 III.
 
 5
 As a preliminary matter, all parties now agree that there was no procedural due process violation in this case. Therefore, in reviewing the denial of the appellants' renewed motion for judgment as a matter of law, our sole task is to determine whether a jury reasonably could have found that the officers' substantive due process rights were violated in connection with their suspensions.
 
 
 6
 Assuming for purposes of this appeal that the officers can state a valid claim for violation of their substantive due process rights, the facts of this case do not come close to establishing such a violation. In order to prevail at trial, the officers were required to prove that the government action taken against them was "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." See Sinaloa Lake Owners Association v. Simi Valley, 882 F.2d 1398, 1407 (9th Cir.1989) (as amended), cert. denied, 494 U.S. 1016, 110 S.Ct. 1317, 108 L.Ed.2d 493 (1990); see also Patel v. Penman, 103 F.3d 868, 874 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 1845, 137 L.Ed.2d 1048 (1997).[1]
 
 
 7
 At oral argument, counsel for the officers conceded that neither the commencement of the investigation nor the filing of charges against the officers was an arbitrary government action. Rather, counsel argued that the substantive due process violation took place when Chief Williams approved the Board of Rights' recommendation that the officers be suspended. According to the officers, it became apparent at some point during the Board of Rights hearing that it was Fire Department personnel, and not the officers, who made the critical mistake with respect to the inebriated citizen. The officers thus contend that the continuation of the disciplinary proceeding beyond this point was not justified by any legitimate government purpose.
 
 
 8
 The officers, however, admit that they were afforded a full panoply of procedural protections during both the investigatory and hearing phases of the disciplinary process. Most importantly, the officers concede that they were given the opportunity to recount their versions of events, and in doing so, to point the finger at the Fire Department personnel. After considering the extensive evidence presented at the hearing, the Board of Rights determined that the police officers' conduct was inappropriate and warranted suspension.
 
 
 9
 Neither the Board of Rights' determination nor Chief Williams' acceptance of the Board's recommendation reasonably can be viewed as arbitrary. The Board and the Police Chief were rightfully concerned with the possibility that LAPD officers neglected their duties with respect to a citizen, and that this neglect may have contributed in some way to that citizen's death. There is no question on the facts of this case that the disciplinary actions taken against the officers were substantially related to the health, safety, and welfare of the public. See Sinaloa, 882 F.2d at 1407. Because no jury reasonably could have concluded that either the Board of Rights or Chief Williams acted arbitrarily in finding that the officers' conduct warranted discipline, the district court erred in failing to overturn the jury's verdict.
 
 IV.
 
 10
 We also reject the officers' claim that their substantive due process rights were violated because there were no ascertainable standards by which they were judged. First, the officers were provided with the administrative insight of their commanding officer, which laid out his specific concerns with their conduct. Second, the Board of Rights clearly explained in its decision what it expected of a reasonable officer under the circumstances. Finally, the Police Manual set forth the appropriate manner of dealing with a conflict between LAPD officers and Fire Department personnel with respect to the treatment of injured persons. Given all of this information, it is clear that the officers were provided with sufficient notice of the standards by which they were to be judged.
 
 V.
 
 11
 Because the officers' due process rights were not violated by the Board of Rights or by Chief Williams, it necessarily follows that there can be no liability imposed on the City of Los Angeles or the LAPD. See Monell v. Department of Social Services, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Therefore, we must reverse the district court and grant judgment as a matter of law for the appellants.
 
 VI.
 
 12
 Finally, because the appellants are entitled to judgment as a matter of law, the officers are no longer the prevailing parties. Therefore, we reverse the district court's attorneys' fee award to the officers. See 42 U.S.C. § 1988.
 
 
 13
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Appellants contend that the officers' substantive due process claims are no longer viable after our decision in Armendariz v. Penman, 75 F.3d 1311 (9th Cir.1996) (en banc). Appellants appear to be arguing that the government conduct at issue here is adequately addressed by the Fifth Amendment's specific procedural due process protections, and that the substantive due process claims are therefore precluded under Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (holding that an excessive force claim must be analyzed under the Fourth and Eighth Amendments). We reject this argument, as it is not supported by Armendariz